```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
NATHALIA ROSARIO,                                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :    22-CV-10096 (JMF)
              -v-                                                :
                                                                 :    ORDER OF SERVICE
R&M RICHARDS, INC.,                                              :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff brings this *pro se* action against her employer, alleging that her employment was terminated because she served on a federal jury. The Court construes the Complaint as asserting claims under the Jury System Improvements Act ("JSIA"), 28 U.S.C. § 1875. By Order dated December 12, 2022, ECF No. 3, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the [C]ourt shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve the defendant if the plaintiff is authorized to proceed IFP).[1] To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is directed to fill out a U.S. Marshals Service Process Receipt and Return Form ("USM-285 Form") for Defendant. The Clerk of Court is further directed to issue a Summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

      If the Complaint is not served within 90 days after the date the Summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Additionally, Plaintiff must notify the Court in writing if her address changes. Failure to do so may result in the Court dismissing the case.

---

[1]     Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a Summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have served the Summons and the Complaint until the Court reviewed the Complaint and ordered that the Summons be issued. The Court therefore extends the time to serve until 90 days after the date the Summons is issued.

In conclusion, the Clerk of Court is directed to issue a Summons, complete the USM-285 Form, deliver all documents necessary to effect service to the U.S. Marshals Service, and to mail this Order, along with an information package, to Plaintiff.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 13, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3

**DEFENDANT AND SERVICE ADDRESS**

R&M Richards, Inc.
1441 Broadway, 4th Floor
New York, NY 10018